UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILLIAM GORDON,

    Plaintiff,

v.                                          Case No.  5:11-cv-358-Oc-34TBS

WAL-MART STORES, INC.,

    Defendant.
_____/

ORDER

Pending before the Court is Defendant's Motion to Compel Answers to First Request for Production of Documents. (Doc. 14).  The Court has reviewed the motion and Plaintiff's response (Doc. 15).  Upon due consideration, the Court GRANTS Defendant's motion.

I. Background

On June 16, 2011, plaintiff, William Gordon filed an employment discrimination action against defendant, Wal-Mart Stores, Inc. for alleged violations of the Civil Rights Act, 42 U.S.C. §§ 2000e and 1981a and the Age Discrimination in Employment Act, 29 U.S.C. §§ 623(a)(1), 631(a). (Doc. 1).  Defendant requested several documents during discovery, and although Plaintiff produced some material, he failed to fully comply with the discovery requests.  On May 23, 2012, Defendant filed the instant motion to compel (a) written answers to its first request for production and (b) the production of all responsive documents (Doc. 14 at 3-4).

II. Discussion

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible."  Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985).

Parties may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense . . ." FED. R. CIV. P. 26(b)(1). It is not necessary that the material be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Federal Rule of Civil Procedure 34(a) authorizes parties to serve upon each other, document requests which relate to any matter that may be inquired into under Rule 26(b). A party who objects to a request for production must include the reasons for the objection. FED. R. CIV. P. 34(b)(2)(B).[1] The opposing party has a specific duty to respond to a document request. Middle District Discovery (2001) at 10. A party satisfies its duty by either providing the requested responses and documents, specifically objecting to certain requests, or expressly stating that no responsive documents exists. Id. at 10-11.

In this case, Defendant served Plaintiff with forty-seven (47) document requests. (Doc. 14-1 at 9-14). Defendant represents that initially, Plaintiff provided only "nine (9) pages of unnumbered, unidentified documents" and failed to submit written answers to any of the requests. (Doc. 14 at 2). Defendant further represents that because of the inadequate response, it gave Plaintiff an additional two-weeks within which to complete his responses. (Id.). Defendant maintains that Plaintiff failed to submit complete responses by the new deadline which necessitated the cancellation of Plaintiff's deposition. (Id.). After some additional delay, Plaintiff resubmitted the nine pages that comprised his initial response, in addition to "six (6) unnumbered, unidentified pages of documents." (Id. at 3).

---

[1] Objections to discovery must be "plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable." Panola Land Buyers Assoc. v. Shuman, 762 F.2d 1550,1559 (11th Cir. 1985) (quoting Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)). Objections to discovery on the grounds that it is over broad and not relevant are not sufficient. The objecting party should state why the discovery is overly broad or not relevant. Josephs v. Harris Corporation, 677 F.2d 985, 992 (3d Cir. 1982).

As of the date Defendant filed its motion, Plaintiff had not submitted any written responses to the request for production. (Id.).

Plaintiff generally opposes Defendant's motion and maintains that, initially, he was unaware that separate written responses were required. (Doc. 15 at 2). Plaintiff concedes that when he spoke to Defendant's counsel he was advised of the inadequacy of his submission and given additional time to cure the defect. (Id.). He contends that his deposition was eventually taken and Defendant was not prejudiced by the extension of time. (Id.) Plaintiff maintains that he was unaware of Defendant's dissatisfaction with the request responses until the motion to compel was filed. (Id. at 4). It appears from a review of the record that Plaintiff filed a set of written responses to the request for production contemporaneously with his response to the motion to compel. (Id. at 5-9).

Defendant has requested an award of its attorneys' fees and costs incurred in attempting to obtain discovery and preparing the motion to compel. Federal Rule of Civil Procedure 37(a)(5) provides for the award of reasonable expenses, including attorneys' fees when a motion to compel is granted. There are three exceptions to the Rule:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5)(A)(iii). None of these exceptions is present in the instant case. Therefore, Defendant is entitled to recover its reasonable expenses, including attorneys' fees incurred to prepare and file its motion to compel. The parties should confer in a good faith attempt to agree upon the amount due failing which, Defendant should file a motion

and appropriate affidavits in support of its claim.  If a motion is filed, Plaintiff will have 14 days within to file his response including counter-affidavits.

### III. Conclusion

The Court has considered the motion (Doc. 14), Plaintiff's response (Doc. 15), as well as the case docket, and finds that Defendant's motion is GRANTED.  Plaintiff has neither challenged the scope of the production requests under Rule 26(b) nor objected to the content of any specific request. Thus, Plaintiff has a specific duty to provide complete responses to the discovery requests.  See Middle District Discovery (2001) at 10.  Accordingly, Plaintiff is directed to produce any written responses and supplemental documents in his possession that have not already been produced, on or before July 16, 2012.  The Court will address Defendant's claim for fees if the parties are unable to settle the issue between themselves.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on July 2, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    Plaintiff
    All Counsel